UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

W. BLAKE VANDERLAN, M.D.                                                                         PLAINTIFF

V.                                                                          CIVIL ACTION NO. 3:23-CV-258-DPJ-FKB

JACKSON HMA, LLC D/B/A CENTRAL                                                        DEFENDANT
MISSISSIPPI MEDICAL CENTER A/K/A
MERIT HEALTH CENTRAL – JACKSON

ORDER

This case is before the Court on three motions to file certain exhibits related to ongoing discovery disputes under restricted status: Plaintiff W. Blake Vanderlan, M.D.'s Motion to File Certain Documents as Restricted Access [132]; Defendant Jackson HMA, LLC's Motion to File Under Seal [145]; and Jackson HMA's Motion to Seal Vanderlan's Proposed Exhibits [150]. Having considered the parties' filings, the Court rules as follows.[1]

I.   Standard

A district court may permit a party to file documents under seal or under restricted status in light of the relevant facts and circumstances of the particular case. *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)); *see also* L.U. Civ. R. 79(e)(3). In doing so, "the court must balance the public's common law right of access against the interests favoring nondisclosure." *Sec. & Exch. Comm'n. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). To decide whether judicial records should be sealed, the court must undertake a "'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the

---

[1] The Court initially directed Vanderlan to supplement his motion and sought clarification as to whether Jackson HMA opposed that motion. Order [144]. The parties each responded to the Court's order, but neither filed responses in opposition to the other's motions.

interests favoring nondisclosure.'" *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (quoting *Vantage*, 913 F.3d at 451).

"A statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." L.U. Civ. R. 79(b). Further, "in certain cases, sensitive information should not be disclosed to the public." *Kovarcik v. Bayou Acad.*, No. 4:23-CV-00106, 2023 WL 4224780, at *1 (N.D. Miss. June 27, 2023) (citing *Binh Hoa Le*, 990 F.3d at 417–18). Sealing records from public access may be proper if redacting documents is not feasible. *See United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (recognizing redaction "is often practicable and appropriate as the least restrictive means of safeguarding sensitive information"); *Blue Hill Specialty Ins. Co. Inc. v. Grinston*, No. 3:22-CV-713-KHJ-MTP, 2023 WL 5049343, at *1 (S.D. Miss. Aug. 8, 2023).

II. Discussion

    A.    Vanderlan's Motion [132] and Jackson HMA's Second Motion [150]

Vanderlan initially sought to file the following exhibits in support of his motion to compel [131] under restricted status: Exhibits 3A, 4A, 5A, 6A, 7A, 8A, 9A, 10A, 11A, 12, 13, 14, 15A, 16A, 17A, 18A, 19, 22, 24, 25, 26, 29, 30, 34, 38, 43, 48, 49, and 50. In response to the Court's Order [144], Vanderlan suggested that the Court review some of the exhibits *in camera*, said that some documents could be filed unrestricted on the docket, maintained that some documents should be filed under restricted status, and argued others could be filed unrestricted with some redactions. Jackson HMA's response to the Court's order agreed with Vanderlan's initial motion that many of the documents should be filed under restricted status, agreed that *in camera* review would be appropriate as to others, and disagreed with Vanderlan's conclusion

that some of the documents could be filed unrestricted on the docket. The Court will address groups of exhibits in turn.

1. Exhibits 3A, 4A, 5A, 6A, 7A, 16A, 17A, 26, 30, 43, 48, 49, and 50

These exhibits contain protected health information (PHI) that is protected from disclosure by the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Under the Stipulated Protective Order, documents containing PHI must either be "redacted to remove all individually identifying information" before filing or "filed under seal with Court permission." Protective Order [40] ¶ 8. Vanderlan wishes for the Court to consider unredacted copies of these documents, so redaction alone is insufficient. *See* Mem. [133] ¶ 1.

The parties seem to agree that making the unredacted documents available for the Court's *in camera* review addresses the sealing issues with these exhibits by obviating the need to file them at all. But the Court's preference for preservation of the record is to have all documents before the Court filed on the docket.[2] So the alternative suggestion that the Court review these exhibits *in camera* is denied. Vanderlan's motion [132] and Jackson HMA's motion [150] are granted as to these Exhibits. Vanderlan may file unredacted copies of Exhibits 3A, 4A, 5A, 6A, 7A, 16A, 17A, 26, 30, 43, 48, 49, and 50 under restricted status.[3]

---

[2] In the event the undersigned's resolution of the motions to compel leads to an appeal under Rule 72, the district judge would need access to all documents the undersigned considered. Having them filed in the record is the most efficient way to provide the district judge access to the exhibits.

[3] As to Exhibits 26, 30, 43, 48, 49, and 50, if Jackson HMA has provided Vanderlan with a redacted copy for filing, Vanderlan must separately file those redacted copies unrestricted in the record.

2.  Exhibits 8A, 9A, 10A, 11A, 12, 13, 14, 15A, 18A, 22, 29, and 34

Each of these exhibits contains an "incident report" or a similar document "created, received or reviewed by or for" a medical review committee pursuant to Mississippi Code section 41-63-1, that is confidential under state law. Miss. Code Ann. § 41-63-9(1); *see also id.* § 41-63-9(3) (explaining that purpose of statute is "promoting quality patient care through medical and dental peer review activities"); 42 U.S.C. § 11101(5) ("There is an overriding national need to provide incentive and protection for physicians engaged in effective professional peer review.").

As to Exhibits 8A, 9A, 10A, 11A, 15A, and 18A, the record contains a redacted copy of each exhibit, so the sealing is narrowly tailored to shield only the identity of non-party participants in the peer-review process, who had an expectation of privacy. As to Exhibits 29 and 34, the Court directs Vanderlan to file in the record, unrestricted, the redacted copies of the exhibits Jackson HMA has provided, so that the sealing of unredacted versions of those exhibits is likewise narrowly tailored.[4] Vanderlan's motion [132] and Jackson HMA's motion [150] are granted as to these Exhibits. Vanderlan may file unredacted copies of Exhibits 8A, 9A, 10A, 11A, 12, 13, 14, 15A, 18A, 22, 29, and 34.

3.  Exhibits 19 and 24

Jackson HMA has de-designated both exhibits. Vanderlan's motion [132] is denied as to Exhibits 19 and 24. Vanderlan shall file the exhibits publicly in the record.

---

[4] It appears that Exhibits 8A, 15A, and 18A would also be subject to filing under restricted status for the additional reason that they include PHI.

4

       4.       Exhibits 25 and 38

The parties have withdrawn the exhibits from consideration. Vanderlan's motion [132] is denied as to Exhibits 25 and 38.[5]

       B.       Jackson HMA's First Motion

Jackson HMA seeks permission to file a Confidential Patient Index [142-9] and Exhibit A to Appendix 2 [142-11] under restricted status. The patient index and the documents collected as Exhibit A to Appendix 2 each contain PHI, which is protected from public disclosure under HIPAA. Jackson HMA's motion [145] is granted. It may file the Confidential Patient Index and Exhibit A to Appendix 2 under restricted status.

III.       Conclusion

The Court has considered all arguments. Those not expressly addressed would not have changed the outcome. As explained, the Court finds that sealing is necessary. Accordingly, Vanderlan's motion [132] is granted in part and denied in part, and Jackson HMA's motions [145, 150] are granted.

Vanderlan and Jackson HMA are directed separately to submit for conventional filing under seal the documents proffered in support of their respective filings. Vanderlan is also ordered to file redacted copies of the documents referenced in this order unrestricted in the record.

The Clerk of the Court is hereby ordered to accept for conventional filing from the parties the documents identified in this order and to file those documents permanently under seal from public access but with CM/ECF access permitted to the litigants' counsel.

---

[5] Should an issue arise relating to these documents, the parties must again seek leave to file the documents under seal. This order is not a determination as to whether these documents can or must be filed under seal.

**SO ORDERED AND ADJUDGED** this the 22nd day of July, 2024.

                                              s/ *Andrew S. Harris*
                                              UNITED STATES MAGISTRATE JUDGE