UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

W. BLAKE VANDERLAN, M.D.                                          PLAINTIFF

V.                                    CIVIL ACTION NO. 3:23-CV-258-DPJ-ASH

JACKSON HMA, LLC d/b/a Central Mississippi
Medical Center (CMMC)
a/k/a MERIT HEALTH CENTRAL – JACKSON                              DEFENDANT

ORDER

Plaintiff W. Blake Vanderlan, M.D., contends that his former employer, Defendant

Jackson HMA, LLC, terminated him for complaining about alleged violations of the Emergency

Medical Treatment and Active Labor Act (EMTALA).  To advance his retaliation claim,

Vanderlan moved for partial summary judgment [89], asking the Court to hold that JHMA

violated EMTALA and that he reported the violation.  As explained below, the Court finds that

proof of an actual EMTALA violation is not an element of his retaliation claim.  Thus, Plaintiff's

motion is denied.

I.       Factual and Procedural Background

The facts have been detailed in prior orders; the Court will not revisit this background.

Stated simply, this action—which was severed from Vanderlan's qui tam action—encompasses

his claims that JHMA retaliated against him in violation of EMTALA and the False Claims Act

(FCA).  *See* 2d Am. Compl. [20] at 37 (Count Four) (alleging violations of 31 U.S.C. § 3730(b)

(FCA retaliation) and 42 U.S.C. § 1395dd(i) (EMTALA retaliation)).

Vanderlan's motion for partial summary judgment focuses on the EMTALA-retaliation

claim.  He identifies 18 patients for whom he says JMHA violated EMTALA, and as to each he

asks the Court to find: "1) EMTALA violations at CMMC; 2) that Dr. Vanderlan reported to

CMMC; and 3) that Dr. Vanderlan reported to the Government." Pl.'s Mot. [89] at 2. The

parties' briefs focus on the first question, whether JMHA violated EMTALA.

II.    Summary-Judgment Standard

     Federal Rule of Civil Procedure 56(a) provides,

> A party may move for summary judgment, identifying each claim or defense—or
> the part of each claim or defense—on which summary judgment is sought. The
> court shall grant summary judgment if the movant shows that there is no genuine
> dispute as to any material fact and the movant is entitled to judgment as a matter
> of law.

The rule "mandates the entry of summary judgment, after adequate time for discovery and upon

motion, against a party who fails to make a showing sufficient to establish the existence of an

*element essential to that party's case*[] and on which that party will bear the burden of proof at

trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (emphasis added).

     "[P]artial summary judgment is not always appropriate, particularly where it is used 'as a

vehicle for obtaining rulings on issues that may never have to be addressed' and would be

'tantamount to [an] advisory opinion[ ].'" *Stormo v. State Nat'l Ins. Co.*, No. 19-10034, 2021

WL 4973835, at *2 (D. Mass. Oct. 26, 2021) (quoting *Marshall Contractors, Inc. v. Peerless Ins.

Co.*, 827 F. Supp. 91, 93 (D.R.I. 1993)) (alterations in *Stormo*); *accord Rodi Marine, LLC v.

Lighthouse Marine, LLC*, No. 3:22-CV-403, 2024 WL 479610, at *1 (S.D. Tex. Feb. 7, 2024).

"Federal courts do not render advisory opinions." *Life Partners, Inc. v. Life Ins. Co. of N. Am.*,

203 F.3d 324, 325 (5th Cir. 1999); *see Hamman v. Sw. Gas Pipeline, Inc.*, 721 F.2d 140, 144 (5th

Cir. 1983) (noting that rendering advisory opinion violates Article III, § 2 of United States

Constitution).

III.    Analysis

Congress enacted EMTALA "to prevent patient dumping, which is 'the practice of some hospital emergency rooms [of] turning away or transferring indigents to public hospitals without prior assessment or stabilization treatment.'" *Thornhill v. Jackson Par. Hosp.*, 184 F. Supp. 3d 392, 397 (W.D. La. 2016) (quoting *Harry v. Marchant*, 291 F.3d 767, 772 (11th Cir. 2002)). Vanderlan says JHMA did just that and then fired him for sounding the alarm.  He invokes the EMTALA whistleblower-protection provision:

> A participating hospital may not penalize or take adverse action against a qualified medical person described in subsection (c)(1)(A)(iii) or a physician because the person or physician refuses to authorize the transfer of an individual with an emergency medical condition that has not been stabilized or against any hospital employee because the employee *reports a violation* of a requirement of this section.

42 U.S.C. § 1395dd(i) (emphasis added).

Though the statute does not use the phrase "reports an *actual* violation," Vanderlan still argues that an actual violation is a "core element of all claims and defenses in this case."  Pl.'s Mem. [90] at 1.  In other words, he believes he must prove an actual EMTALA violation to prevail on his retaliation claim.  He therefore seeks partial summary judgment on that element.

JHMA disagrees, submitting that Vanderlan must merely present evidence that he reported what he reasonably believed was a violation.  Def.'s Mem. [104] at 5.  It's an odd posture; Plaintiff wants a higher burden to prove his case, and Defendant advocates a lesser one. In any event, the Court agrees with JHMA; Vanderlan only needs to show that he reasonably *believed* JHMA's conduct violated EMTALA.

**Good-faith, reasonable belief.**  While the Fifth Circuit has not squarely addressed the issue, other courts have repeatedly found that plaintiffs advancing EMTALA-retaliation claims "need only establish that '[they were] acting under a good faith, reasonable belief that a violation

3

existed.'" *Gillispie v. RegionalCare Hosp. Partners, Inc.*, 892 F.3d 585, 593 (3d Cir. 2018) (quoting *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996)) (alteration in *Gillispie*).  Proof of an actual violation is not required.  *Id.*

That approach seems to be universally accepted.  *See, e.g.*, *David v. BayCare Health Sys., Inc.*, No. 8:19-CV-2136, 2019 WL 6842085, at *3 (M.D. Fla. Dec. 16, 2019) (holding that plaintiff need only show "a good faith, reasonable belief that the defendant was engaged in a violation of EMTALA"); *accord Milner v. Team Health*, No. 2:19-CV-2041, 2020 WL 5658903, at *6 (N.D. Ala. Sept. 23, 2020); *Farris v. Labette Co. Med. Ctr.*, No. 2:19-CV-2060, 2021 WL 6049831, at *3 (D. Kan. Dec. 21, 2021) (applying *Gillispie*).

JHMA makes this point in its response, and Vanderlan ignores it in reply.  His opening brief does, however, cite *Genova v. Banner Health* and cases citing *Genova*.  Pl.'s Mem. [90] at 31 (citing 734 F.3d at 1097).  *Genova* holds:  "The statute Congress passed generally permits suit only when the plaintiff was harmed by or reported an *existing* EMTALA violation, not an *impending* one."  734 F.3d at 1097 (emphasis in *Genova*).  But that language does not mean what Vanderlan suggests.

The *Genova* court considered whether reporting an anticipated violation constituted protected activity and concluded that it did not.  *Id.*  It never considered whether a report of past violations required an actual violation or just a good-faith, reasonable belief.  *Id.*  That's different.  As the magistrate judge concluded, "*Genova* did not address the legal issue here." *Vanderlan v. Jackson HMA, LLC*, No. 3:23-CV-258-DPJ-FKB, 2024 WL 815523, at *3 (S.D. Miss. Feb. 27, 2024).  Vanderlan's other non-binding cases suffer similar insufficiencies.  In short, every case the Court has seen addressing this issue reached the same conclusion—an actual violation is not required to prove EMTALA retaliation.

This construction squares with Fifth Circuit law for Title VII retaliation. Title VII defines unlawful retaliation as "discriminating against any individual . . . because he opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e–3. Like EMTALA's § 1395dd(i), which protects employees who "report[] a violation," Title VII does not state that a reasonable belief is enough. *See Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 401 (5th Cir. 2013) (noting that Title VII's text appears to require that complained-of "practice *actually be unlawful* under Title VII" (emphasis in original)).

Even so, the Fifth Circuit has found that "a plaintiff can establish a prima facie case of retaliatory discharge" under Title VII "if he shows that he had a reasonable belief that the employer was engaged in unlawful employment practices." *Payne v. McLemore's Wholesale & Retail Stores*, 654 F.2d 1130, 1140 (5th Cir. 1981). Thus, the employee "need not offer proof of actual unlawful employment practices by his employer to establish a prima facie case[.]" *Id.*; *see id.* at 1137 (rejecting defendant's argument that plaintiff failed to prove it "had committed any unlawful employment practices"). "*Payne* remains good law. It is also in line with the law of every other circuit court." *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016).[1]

And this understanding is not limited to Title VII. The Fifth Circuit has applied a reasonable-belief standard to anti-retaliation provisions in other employment-discrimination statutes. *See, e.g.*, *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998) (applying "reasonable belief" to ADA and ADEA claims).

In sum, courts uniformly apply a good-faith, reasonable-belief standard in EMTALA-retaliation cases, and Vanderlan cites no cases rejecting that construction. Given that, and the

---

[1] The Court updated the research since *Rite Way* and found that every federal circuit continues to apply the same test.

universal adoption of this same standard under Title VII's analogous anti-retaliation statute, the Court finds that Vanderlan need not prove an actual EMTALA violation to prevail on his EMTALA-retaliation claim.

***Partial summary judgment.*** In his motion for partial summary judgment, Vanderlan asked the Court to find three things as a matter of law: "1) EMTALA violations at CMMC; 2) that Dr. Vanderlan reported to CMMC; and 3) that Dr. Vanderlan reported to the Government." Pl.'s Mot. [89] at 2.

As explained above, the Court concludes that proof of an actual EMTALA violation is not an element of Vanderlan's EMTALA-retaliation claim. Consequently, his motion seeks "rulings on issues that may never have to be addressed." *Rodi Marine, LLC*, 2024 WL 479610, at *1. JMHA argues that this makes the ruling advisory. Def.'s Mem. [104] at 9. Vanderlan offers no reply. Nor has he explained why the Court should decide—as a matter of law—whether violations occurred if Vanderlan need not prove it.

The other two questions seem to presuppose judgment for Vanderlan on the first. That is, Vanderlan appears to ask the Court to find that he reported an actual violation. In any event, Vanderlan focuses his briefs on the need to prove an EMTALA violation and not on whether he reported a violation. The Court denies the motion and would alternatively conclude that "the better course would be to proceed to a full trial" on these issues. *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (explaining when discretion exists to proceed to trial "[e]ven if the standards of Rule 56 are met")).[2]

---

[2] Vanderlan's motion sought partial summary judgment on his EMTALA-retaliation claim. Though his briefing mentioned a few other claims, there is no need to dwell on them. For example, Vanderlan says that "EMTALA violations form the basis of [his] FCA retaliation

IV.     Conclusion

The Court has considered all arguments raised by the parties; those not specifically addressed would not have changed the result.  For the reasons explained, Vanderlan's motion for partial summary judgment [89] is denied.

**SO ORDERED AND ADJUDGED** this the 23rd day of April, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

claim."  Pl.'s Mem. [90] at 33.  But like EMTALA, the FCA does not require proof of an actual violation.  *See, e.g.*, *Thomas v. ITT Educ. Servs., Inc.*, 517 F. App'x 259, 262 (5th Cir. 2013) (stating that "[a] protected activity is one motivated by a concern regarding fraud against the government).  Vanderlan also mentions how his EMTALA claim is a defense to JMHA's breach-of-contract claim against him.  Pl.'s Mem. [90] at 25.  But there is no such claim.