UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

W. BLAKE VANDERLAN, M.D.                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:23-CV-258-DPJ-ASH

JACKSON HMA, LLC d/b/a CENTRAL
MISSISSIPPI MEDICAL CENTER (CMMC);
a/k/a MERIT HEALTH CENTRAL – JACKSON                                                DEFENDANT

ORDER

Plaintiff W. Blake Vanderlan, MD, believes Defendant Jackson HMA wrongfully terminated his employment for complaining about alleged violations of the Emergency Medical Treatment and Active Labor Act (EMTALA).  As discovery progressed, Vanderlan filed two objections [115, 167] to orders by the United States magistrate judge.

Vanderlan first objects to an Order [100] by former Magistrate Judge F. Keith Ball relating to three discovery motions.  Obj. [115].  For the reasons explained below, Vanderlan's objections [115] are overruled; the Order [100] is affirmed.[1]  As to the second objection [167] challenging an Order [165] by Magistrate Judge Andrew S. Harris, the Court concludes that oral argument is appropriate.

I.      Procedural History

The facts have been detailed in prior orders; the Court will not revisit this background. Stated simply, this action encompasses his claims that JHMA retaliated against him in violation of EMTALA and the False Claims Act (FCA).  *See* 2d Am. Compl. [20] at 37 (Count Four) (alleging violations of 31 U.S.C. § 3730(b) (FCA retaliation) and 42 U.S.C. § 1395dd(i) (EMTALA retaliation)).

---

[1] Upon Judge Ball's retirement, the case was assigned to Magistrate Judge Andrew S. Harris.

The first Order [100] at issue addressed three motions—JHMA's motion for a protective order [44] and Vanderlan's two motions to compel [46, 53]. The first two motions [44, 46], touching on discovery about EMTALA violations, were granted in part and denied in part. Order [100] at 5. The magistrate judge then denied Vanderlan's motion to compel [53] punitive-damages discovery, finding that a sworn financial statement would suffice. *Id.* at 14. Vanderlan challenges both rulings. Obj. [115].

In the second challenged Order, Judge Harris denied in part and granted in part Vanderlan's second motion to compel [131], after carefully considering nine categories of disputed documents. In this appeal, Vanderlan takes issue with one category—patient files. Order [165] at 11. Judge Harris denied the motion to compel as to these files, finding "Vanderlan has not pointed to a document request seeking" patient files and the motion to compel was untimely. *Id.* at 14; *see id.* at 12. Vanderlan objects to both holdings. Obj. [165].

II.     Standard

Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A) allow a litigant to seek review of a magistrate judge's order. "Both the statute and the procedural rule allowing district court review of a magistrate judge's order dictate that the reviewing court defer to the magistrate judge's discretion in refereeing discovery disputes." *Barnett v. Tree House Café, Inc.*, No. 5:05-CV-195-DCB-JMR, 2006 WL 3083757, at *2 (S.D. Miss. Oct. 27, 2006).

To begin, "[a] magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)).

> The "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *C.H., II v. Rankin Co. Sch. Dist.*, No. 3:08-CV-84-DPJ-JCS, 2010 WL 1541471, at *7 (S.D. Miss. Apr.

>   16, 2010) (citing *United States v. Gypsum Co.*, 333 U.S. 364, 395 . . . (1948)).
>   "[F]or the plaintiff to prevail, she must show, not that the magistrate judge could
>   have exercised his discretion and ruled in her favor, but rather that she is entitled
>   to a ruling in her favor as a matter of law." [*Barnett*, 2006 WL 3083757, at *3].

*Pace v. State Farm Fire & Cas. Co.*, No. 2:23-CV-19-HSO-BWR, 2024 WL 1655599, at *3 (S.D. Miss. Jan. 11, 2024) (text alteration in *Pace*). "[L]egal conclusions are reviewed de novo." *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (citation omitted).

Judge Bramlette summarized the application of these standards to a magistrate judge's discovery orders:

>   A magistrate judge is "far better situated to pass on discovery matters," than is the
>   district judge. *Searls v. Glasser,* 64 F.3d 1061, 1068 (7th Cir. 1995). A magistrate
>   judge is afforded broad discretion with respect to discovery matters because no
>   one factor controls discovery disputes. *Evans v. Visual Tech. Inc.,* Nos. 91-CV-
>   685, 92-CV-358, 92-CV-909, 1994 WL 28002, at *2 (N.D.N.Y. 1994); *see also
>   Silver v. Wells,* No. 92 CIV. 0550, 1993 WL 378296, at *1 (S.D.N.Y. 1993)
>   (holding court's scope of review "significantly limited" in discovery situations);
>   *Enzo Biochem, Inc. v. Johnson & Johnson,* No. 87 CIV. 6125, 1990 WL 135975,
>   at *1 (S.D.N.Y. 1990) (noting magistrate judge's "broad discretion"); *Empire
>   Volkswagen, Inc. v. World Wide Volkswagen Corp.,* 95 F.R.D. 398, 399 (S.D.N.Y.
>   1982) (noting "heavy burden" on litigant seeking to overturn magistrate judge's
>   discovery order).

2006 WL 3083757, at *3 (citations cleaned up).

In short, "[a] trial court's discovery ruling should be reversed only in an unusual and exceptional case." *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 481 (5th Cir. 2018) (quoting *O'Malley v. U.S. Fid. & Guar. Co.*, 776 F.2d 494, 499 (5th Cir. 1985)) (internal quotation marks omitted). "[I]n matters of discretion—and discovery decisions are usually quintessential examples of the exercise of discretion—district judges do not substitute their own judgment for that of the magistrate judge." *Nunn v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-1486, 2010 WL 2044477, at *4 (N.D. Tex. May 24, 2010).

3

III.     Objection [115] to Judge Ball's Order [100]

    A.     EMTALA Violations

Vanderlan sought broad discovery on alleged EMTALA violations before, during, and after his employment, as well as communications between JHMA and government agencies. *See* Pl.'s Mot. to Compel [46]. JHMA said the discovery was not relevant, but Vandlerlan insisted that it was because his EMTALA-retaliation claim requires proof of actual EMTALA violations.

The magistrate judge considered Vanderlan's point and ultimately rejected it, concluding that he only needed to show a good-faith, reasonable belief that EMTALA had been violated. Order [100] at 3. Based on that finding, the magistrate judge questioned the relevance of discovery about "patients of which Vanderlan was not aware." *Id.* at 7. But he nonetheless allowed "discovery related to alleged EMTALA violations during Vanderlan's tenure as such evidence would be relevant to whether he reasonably believed that Jackson HMA violated EMTALA." *Id*. at 5.[2]

***Ruling on elements of claim.***  Though Vanderlan based his motion to compel on the legal premise that he must prove an actual violation, he now argues that the magistrate judge lacked jurisdiction to rule on his argument. Obj. [115] at 5. But Vanderlan offers no authority suggesting that a magistrate judge lacks jurisdiction to decide legal issues related to discovery disputes. *See* 28 U.S.C. § 636(b)(1)(A) (addressing scope of magistrate-judge jurisdiction). Nor has he supported his assertion that a magistrate judge's discovery rulings divest the district court's jurisdiction. Obviously, they don't. Vanderlan had the right to appeal and did. *Id.* (allowing appeals to district court).

---

[2] JHMA offered to stipulate that Vanderlan had a good-faith belief of an EMTALA violation; Vanderlan declined. Email [122-1] at 1–2.

In any event, the magistrate judge was right. Under de novo review, Vanderlan doesn't need to prove an actual violation. *See* Order [170] at 6. And for that same reason, the Court rejects Vanderlan's argument that the magistrate judge's ruling on this threshold issue somehow hamstrung the Court's ability to rule on his motion for partial summary judgment. Obj. [115] at 4. Though Vanderlan asked the Court to decide—as a matter of law—whether JHMA violated 18 patients' EMTALA rights (including patients treated before he arrived), the Court declined because Vanderlan is not required to prove a violation. Order [170] at 6. The argument is moot, and the magistrate judge's ruling on this legal question was neither clearly erroneous nor contrary to law.

***Is the denied discovery relevant?*** Vanderlan objects to the magistrate judge's ruling that discovery about patients treated before or after Vanderlan's tenure would be irrelevant to whether Vanderlan had a good-faith, reasonable belief that JHMA violated EMTALA. In his reply, Vanderlan offers three reasons the information is relevant.

First, he contends that "EMTALA violations are relevant to the statutory requirement that Dr. Vanderlan prove actual violations of EMTALA to support an EMTALA whistleblower claims." Pl.'s Reply [123] at 2. Again, the magistrate judge correctly rejected this argument. Order [170] at 6.

Second, Vanderlan says discovery about patients treated before and after his tenure is relevant "to defeat Jackson HMA's defense that Dr. Vanderlan's damages should be reduced by the amount allegedly owed by Vanderlan to pay back Jackson HMA's loan, i.e., Dr. Vanderlan relies on Mississippi's 'first to breach rule.'" Pl.'s Reply [123] at 2. Vanderlan explains this argument in his summary-judgment briefing, but his position there suggests that this is a defense to a breach-of-contract claim. *See* Pl.'s Summary-Judgment Mem. [90] at 35 ("Dr. Vanderlan

could not 'breach contract' if he was forced to resign for reporting EMTALA violations."). But JHMA has not asserted a breach-of-contract claim—or any counterclaims—in this case. Those issues appear to be part of the parties' state-court action. *See* Def.'s Summary-Judgment Resp. [104] at 1. If the first-to-breach defense relates to a state-court case, then the discovery should be addressed in that court; it isn't relevant here.

In addition, Vanderlan never claims to have informed the magistrate judge that the disputed discovery is relevant to a first-to-breach defense, and the Court could not find that argument in his briefs. "While a district court may receive new evidence in objections, the objecting party 'waives legal arguments not made in the first instance before the magistrate judge.'" *Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998). It is also this Court's practice "'to refuse to consider arguments raised for the first time in reply briefs' because it deprives the non-movant an opportunity to be heard." *Vanderlan v. Jackson HMA, LLC*, No. 3:15-CV-767-DPJ-FKB, 2020 WL 2323077, at *6 (S.D. Miss. May 11, 2020) (quoting *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008)). This argument is not properly before the Court. And even if the Court did consider it, the argument is not otherwise compelling because it is premised on the same flawed argument about Vanderlan's burden of proof. *See* Email [122-1] at 1 (linking first-to-breach defense to argument that Vanderlan must prove an actual violation).

Third, according to Vanderlan, "violations are relevant to the issue of punitive damages, *i.e.*, Jackson HMA's level of retaliation increased as its exposure increased from the number of violations *that Vanderlan was reporting*." Pl.'s Reply [123] at 2 (emphasis added). Here again, the Court could not find this argument in Vanderlan's briefs before the magistrate judge, so it is waived. *Freeman*, 142 F.3d at 851. Even considering the argument, it is not compelling. If

6

exposure increased based on the violations "Vanderlan was reporting," then the relevant discovery would relate to what he reported. Pl.'s Reply [123] at 2. The magistrate judge allowed that discovery and more, ordering JHMA to respond as to all alleged violations during Vanderlan's tenure. Order [100] at 5.

In short, discovery disputes are a matter of discretion; the limits set on discovery by the magistrate judge were neither clearly erroneous nor contrary to law.

B.    Punitive Damages

The magistrate judge denied Vanderlan's motion to compel [53] responses to his punitive-damages discovery requests. *Id.* at 14. Instead, the Court held that JHMA is required

> to bring to trial a sworn financial statement, fairly outlining, under the penalty of perjury, the defendant's assets, liability, and net worth. [That] financial statement sh[ould] be held and maintained as private by the [d]efendant and the [d]efendant's attorney until such time as the court rules that punitive damages are an appropriate subject for the jury's consideration.

*Id.* (quoting *Francois v. Colonial Freight Sys., Inc.*, No. 3:06-CV-434-WHB-LRA, 2007 WL 679998, at *4 (S.D. Miss. Mar. 2, 2007)) (alterations in Order [100]).

In reaching that conclusion, the magistrate judge noted that "Courts in the Southern District of Mississippi typically do not permit pre-trial discovery to establish a party's net worth for punitive damages purposes." *Rush v. STIHL, Inc.*, No. 3:17-CV-915-DPJ-FKB, 2019 WL 11254769, at *1 (S.D. Miss. Jan. 31, 2019) (finding, although information sought "may be relevant to Plaintiff's punitive damages claims, it also constitutes an undue burden at this stage of the litigation"); *see* Order [100] at 11 (quoting *Rush*).

In his Objection, Vanderlan reasserts his desire for discovery into JHMA's net worth and financial condition, citing *Regions Insurance, Inc. v. Alliant Insurance Services, Inc.*, No. 3:13-CV-667-HTW-LRA, 2015 WL 1886852 (S.D. Miss. Apr. 24, 2015). Vanderlan applies the eight-

7

factor inquiry utilized by former United States Magistrate Judge Linda R. Anderson and concludes that pretrial discovery should be allowed.

But the magistrate judge here also applied the *Regions* test and concluded otherwise. In addition, the magistrate judge noted that *Regions* "does not constitute controlling law that th[e] Court is obligated to follow." Order [100] at 13 n.5 (alteration in Order) (quoting *Dear v. Crown Castle S., LLC*, No. 3:13-CV-212-WHB-RHW, 2016 WL 7985436, at *7 (S.D. Miss. June 9, 2016) (denying objections based on *Regions* and affirming order by magistrate judge)). Indeed, the magistrate judge noted that his approach is the typical approach in this district. *Id.* at 11 (citing *Rush*, 2019 WL 11254769, at *1 (collecting cases).

Finally, Vanderlan argues that "[t]his case appears to be headed to trial[,] and the issue of punitive damages will, at some point, need to be addressed." Pl.'s Reply [123] at 3. That's not necessarily true. "In any action in which the claimant seeks an award of punitive damages, the trier of fact shall first determine whether compensatory damages are to be awarded and in what amount, before addressing any issues related to punitive damages." Miss. Code Ann. § 11-1-65(1)(b). The magistrate judge noted this in his order, Order [100] at 11, and his ruling accounts for it.

The Court does not dismiss Vanderlan's pragmatic objections based on potential delays at trial. And as the case law in this district demonstrates, there may be more than one way to handle punitive-damages discovery. But here again, the decision to require a sworn financial statement, rather than allow pretrial punitive-damages discovery, is an exercise of discretion. *See Nunn*, 2010 WL 2044477, at *4. The magistrate judge adopted the typical approach, and his ruling is neither clearly erroneous nor contrary to law.

IV. Objection [167] to Judge Harris's Order [165]

Judge Harris's Order [165] touched on JHMA's alleged failure to properly produce patient records. As background, the patient files at issue are medical records for certain patients Vanderlan treated while at JHMA. It appears JHMA's Medical Staff Performance Improvement Committee reviewed these patient files in the fall of 2013, shortly before Vanderlan's resignation. *See* Am. Compl. [20] at 18–19; *id.* at 20 (alleging "Dr. Vanderlan was forced to resign his clinical privileges at CMMC on December 20, 2013."). In discovery, JHMA produced documents relating to complaints against Vanderlan and this peer review but did not produce the medical records of patients mentioned in those documents. *See* Resp. [168] at 4. Vanderlan thinks it should.[3]

Judge Harris made two findings. First, he carefully considered Vanderlan's discovery requests and concluded that he had not requested the patient files. Order [165] at 12. Second, Judge Harris decided that the "issue is untimely" because Vanderlan knew about the failure to produce the patient files in February 2024 but did not ask for an extension of the March 22 discovery deadline to develop the issue. *Id.* Vanderlan objected [167], and JHMA responded in opposition. The Court, having considered the parties filings, finds that oral argument on the Objection is warranted. The parties are directed to confer and contact Courtroom Deputy Shone Powell to schedule the hearing.

---

[3] *See* Pl.'s Mem. (Mot. to Compel) [135] at 20 ("Jackson HMA should be compelled to produce the files of all patients identified in the documents produced by Jackson HMA and relating to investigations, complaints, reports, reviews, and summaries of Dr. Vanderlan's performance at CMMC . . . ."); Obj. [168] at 6 ("More specifically, Jackson HMA did not disclose or produce the 'Vanderlan[ ] surgical cases'/patient files associated with such investigations, complaints, or performance reviews." (alteration in Obj.) (quoting Welsh Dec. [131-2] at 71, JHMA Resp. to Inter. No. 8)).

9

V.	Conclusion

The Court has considered all arguments raised by the parties; those not specifically addressed would not have changed the result.  The Court finds the Objections [115] are not well taken; the Order [100] is affirmed.

As to Vanderlan's Objection [167] to Order [165], the Court finds oral argument is appropriate.  The parties are directed to confer and contact Courtroom Deputy Shone Powell within seven days of this Order to schedule a hearing.  If possible, the hearing should take place before May 30, 2025.

**SO ORDERED AND ADJUDGED** this the 23rd day of April, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE