UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

W. BLAKE VANDERLAN, M.D.                                                                PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:23-CV-258-DPJ-ASH

JACKSON HMA                                                                              DEFENDANT

ORDER

On August 29, 2025, Defendant Jackson HMA filed a motion for summary judgment [185], seeking dismissal of Plaintiff W. Blake Vanderlan, M.D.'s retaliation claim. Vanderlan, a physician, believes Jackson HMA retaliated against him in violation of the Emergency Medical Treatment and Active Labor Act (EMTALA). Vanderlan responded [192, 193] in opposition to the summary-judgment motion, and Jackson HMA filed a reply [194].

The following day, Vanderlan filed a "Motion to Strike Jackson HMA's Summary Judgment Argument Supported By Non-Existent Contracts." Mot. [195]; *see* Pl.'s Mem. [196]. Vanderlan says Jackson HMA relies on "1) an unsigned Trauma Medical Director Agreement [Doc. #185-6], that did not include Dr. Vanderlan as a party; and 2) an alleged contract between Dr. Vanderlan and the Schumacher Group that never existed." Mot. [195] at 1. To avoid over complicating the Order ruling on the summary-judgment motion, the Court will separately address Vanderlan's motion to strike, which is denied.

I.    Procedural Problem

Jackson HMA correctly notes that Vanderlan's motion to strike is really an unauthorized surrebuttal. While he ostensibly asks the Court to strike arguments based on two exhibits, he mostly addresses factual arguments Jackson HMA made in its summary-judgment briefing and tries to correct what he describes as errors in his own sworn testimony. That's improper. If

Vanderlan wanted to file a surrebuttal, then he needed to first seek leave of Court. *See Andrews v. 1788 Chicken, LLC*, No. 3:22-CV-276-HTW-LGI, 2023 WL 5418777, at *2 (S.D. Miss. Aug. 22, 2023) (striking unauthorized surrebuttal). Nevertheless, the Court will not strike Vanderlan's motion on procedural grounds. In the interest of justice, it will consider all the additional summary-judgment arguments from the parties when ruling on that motion and consider Vanderlan's Rule 56(c)(2) objections here.

II.     Objections

Under Rule 56(c)(2), the opposing party may "object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Once an objection occurs, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56 advisory committee's note to 2010 amendments.

***Trauma Medical Director Agreement.*** Jackson HMA attached to its summary-judgment motion a "Medical Director Agreement," dated June 1, 2013, between Jackson HMA and Joseph M. Still Burn Centers, Inc. (JMS Burn). MDA [185-6] at 1. The MDA states that JMS Burn is "affiliated with a physician who has agreed to serve as Medical Director," *id.* at 1, and "has appointed W. Blake Vanderlan, M.D. to serve as Director," *id.* at 2. The agreement is unsigned. *Id.* at 8.

Because the agreement is unsigned and Vanderlan is not a party to it, he urges the Court to strike any arguments relying on it. But Jackson HMA says (1) it merely attached the copy of the document Vanderlan produced during discovery, Def.'s Resp. [197] at 6 n.4, (2) Vanderlan has not cited any rules of evidence that exclude the exhibit, and (3) "whether the agreement was signed is irrelevant" because "there is no dispute that the parties operated under its terms," *id.* at

2

4. Vanderlan never factually contests these points in his reply and instead urges the Court to ignore the argument that the parties operated under the MDA's terms because Jackson HMA first raised that point in its summary-judgment reply. Pl.'s Reply [198] at 3.

As Vanderlan notes, this Court generally refuses "to consider arguments raised for the first time in reply briefs." *Neely v. Great Escapes Pelahatchie, LP*, No. 3:21-CV-786-DPJ-ASH, 2024 WL 5125381, at *6 (S.D. Miss. Dec. 16, 2024) (quoting *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008)). That's because there is no opportunity for the non-movant to respond. *See id.* (refusing to consider new rebuttal argument because "Plaintiffs never had a chance to respond").

But that's not what happened here. Assuming Jackson HMA asserted a new argument in rebuttal, Vanderlan had an opportunity to address it in his motion to strike. Another opportunity arose when Jackson HMA made the same argument in its response to the motion to strike. Def.'s Resp. [197] at 4. But Vanderlan did not substantively address it in his reply. Pl.'s Reply [198] at 2–3. Vanderlan may not, therefore, ask the Court to strike an argument because it was raised for the first time in the summary-judgment reply when he had two subsequent opportunities to address it in his unauthorized surrebuttal briefs. Also, even if a new argument existed, the Court would merely "refuse to consider" it, not strike it. *Neely*, 2024 WL 5125381, at *6; *see also* Fed. R. Civ. P. 12(f).

Finally, he offers no rules of evidence suggesting that the MDA and related arguments cannot be offered in an admissible form. The fact that Vanderlan was not a party is irrelevant if the document speaks to the business relationship between his employer (JMS Burn) and Jackson HMA. Indeed, his absence from the agreement seems consistent with other facts showing that he worked for JMS Burn, which provided his services to Jackson HMA as an independent

contractor. Also, Vanderlan has not offered any evidence disputing the argument that the parties all operated under the terms reflected in the MDA. This part of the motion is denied.

***Physician Independent Contractor Agreement (ICA).*** Jackson HMA also attached to its summary-judgment motion an ICA dated June 1, 2013, between Mississippi Emergency Physician Services, LLC and Vanderlan. ICA [185-3] at 2. This agreement is likewise unsigned. *Id.* at 17.

Vanderlan cites no rules of evidence that would exclude this exhibit, but he does say there is no proof this contract "ever existed." Pl.'s Mem. [196] at 3. This argument seems partly factual—which will be addressed in the summary-judgment order—but also premised on the fact that the copy Jackson HMA attached to its motion was unsigned. *See id.* at 4 (noting that if contract had been "signed and/or existed" Jackson HMA would have produced it by now).

While Vanderlan appears to deny ever signing an ICA, *id.*, Jackson HMA produced a signed copy in response to the motion to strike, Signed ICA [197-1]. Vanderlan could have disputed the signature in reply, but he didn't. Nor did he explain why the signed contract could not be presented "in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). He instead returns to his summary-judgment arguments. *See* Pl.'s Reply [198] at 4. Vanderlan has not demonstrated that the ICA should be stricken, and the Court will address his other arguments in the summary-judgment order.

III.    Conclusion

The parties made other arguments, all of which have been considered. Those not addressed would not alter the ruling. For the reasons stated, the Court denies the motion to strike

[195], but it will address Vanderlan's surrebuttal arguments in the Order on Jackson HMA's summary-judgment motion.[1]

    **SO ORDERED AND ADJUDGED** this the 21st day of November, 2025.

               s/ *Daniel P. Jordan III*
               UNITED STATES DISTRICT JUDGE

---

[1] As addressed in the summary-judgment Order, these exhibits and the related arguments merely add weight to Jackson HMA's summary-judgment order. Vanderlan has the burden under Rule 56(c) to "designate specific facts showing that there is a genuine issue for trial" for each essential element of his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citation omitted, quotation marks omitted). Vandlerlan has not done that. Thus, summary judgment would be proper even if the Court granted this motion.